Negron v. Bank of America. I think it would be instructive for me to start off with a brief overview of the procedural history that brought us here. The district judge was assigned to oversee this case on December 13th. Soon after the assignment, she tabled, aired some discovery motions by the plaintiff and, in my view, ordered very restrictive discovery. For example, this being a race and racial ethnicity, sorry, national origin and ethnicity and race claim, it's very important, obviously, comparator information. We submitted extensive affidavits and evidence from the plaintiff establishing why certain comparators were similarly situated. We also submitted evidence of that fact. The class of comparators was approximately 20, all IT professionals, all that worked in the same division, all that performed similar tasks, and that all ultimately reported to the same ultimate manager. Well, when you say ultimate manager, was it the same person who set salaries for each of them and decided promotions for each of them? That was a bit nebulous because it was according to these pay scales and pay rates according to the bank. When you say ultimately they reported to the same person, I suppose everyone who works in the biggest conglomerate in the world ultimately reports to some CEO, but the question might be in a discrimination case about decisions that were made, were the decisions made by the same person with respect to all of the alleged comparators? Correct. And there was a division head, I suppose, and he's the individually named defendant in the case, Mr. Holloway. This is a class of 20 to 25 people in that division, all IT professionals, and that was the manager, not high-level manager, intermediate manager. Despite presenting cogent evidence that these are comparators and that the evidence, excuse me, the personnel documents, wage documents, qualifications, et cetera, should be considered and are a key part in establishing Mr. Negron's failure to promote claims, failure to advance disparate treatment in pay and compensation, the district judge ordered that only six people were relevant, and that was just those six people, excuse me, five people in Mr. Negron's subgroup. Yes. Could we, your time is running down, and I was wondering if you could address the question of appellate jurisdiction here. Isn't it the case that although this ruling obviously was not one you wanted and one you and one that if the case had proceeded to a final judgment, you would surely be entitled to question on appeal, that's not what happened here. What happened here was the judgment that you're appealing is a judgment that you specifically agreed to. That's partially correct, Your Honor. The motion for voluntary dismissal was filed at the incipients of the case. No documents have been exchanged, no depositions, and I did so specifically to divest the Federal Court of Jurisdiction. You got what you asked for and agreed to. The judge imposed additional onerous conditions in my view. Which you consented to. You didn't have to, but you consented to. I consented to, Your Honor, based on the evidence and the circumstances that were present there. One of the conditions, in my view, when the Federal Court is divested of Federal Jurisdiction, I believe any imposition of rules in accordance with Rule 41 was an abuse of discretion. Well, that's a very interesting proposition that if there were a final judgment, you might have been able to advance to us, but you agreed to that disposition. You didn't say, you have no jurisdiction to do that and so I'm going to resist and someday I'm going to appeal that when we get to the end of the case. You said, well, fine, we'll take that deal and you took it and you didn't need to. You could have said, well, in that case, I withdraw the motion to, under protest, withdraw the motion to dismiss the Federal claims, right? One of the conditions set by Judge Cote was that discovery should be completed in Federal Court. Right. You had every right to object to that and say, no, I don't want to do it that way. I think you're imposing too onerous conditions and so I'm going to object to that. And then continued with the case and when there was a final judgment, maybe you still would have won the case and none of this would matter or maybe you would have lost in which case you would be able to appeal all of the rulings that produced that outcome. But isn't this a case where you accepted the conditions? I mean, yes or no, you accepted the conditions, right? Yes, we did accept the conditions. The difference here, and I think it's a very salient point, is that the Federal judge said you should conduct discovery in this court. Ultimately, the Federal judge refused to hear any plaintiff's discovery arguments. And then when that happened at the end of the day, did you seek to withdraw your motion for voluntary dismissal? By then, in my view, it was too late because it was after the dismissal. The judge dismissed the case, closed the case, and by then, you know, the judge So you consented at the outset, maybe didn't know exactly what that would look like. And then when it came and you were displeased with how it looked, you didn't further seek or make any argument to the district court that you no longer consent to the withdrawal. Yes? To the dismissal? To the dismissal, yeah. The terms of the consent was, I was given a week from the proposed order to... That's a lot of time in district court land. Is there any adverse decision made by the district court that attaches to a claim that you did not voluntarily dismiss? No, because you voluntarily dismissed all of the claims. I think that's the basic answer. That's correct. Okay. The problem here is that the conditions were never fulfilled. You're essentially, your argument has to be essentially that there was a, the district court breached some agreement that she would perform discovery in federal court. That's a very high bar. That's a very high bar to meet, it would seem to me, even if we took the argument on your terms. Yes, Your Honor. The facts of the case do reach that high bar. A moment ago, you said that the judge refused to hear your arguments. I mean, that's just not the case, right? You submitted the arguments. The district court considered them. The district court rejected them. That happens every day in court. You lose. Sometimes you win. Sometimes you lose. Sometimes it rains. But in this case, you submitted the arguments and you lost. Actually, the district judge, during the hearing, listened to the arguments from both sides and then refused to rule on Plaintiff's motion to compel based on timeliness, that we had brought the. . . Well, that could be right or wrong, but that's something that judges have the power to do. If the motion is untimely, the judge doesn't need to address it. Now, that's a ruling, and it's a ruling that's based on the record, and it's a ruling that could have been right or could have been wrong. But that's a very different thing than saying, I'm not going to listen to anything you have to say. Prior to that ruling, however, the parties jointly moved to extend the discovery, and the judge actually specifically extended discovery. According to her individual rules, we had to try and narrow down the issues before bringing them to the district court. We both jointly applied for an extension of discovery for that purpose. That motion was granted. We were given a certain date to bring these disputes to the court's attention.  The court said, this is the same thing I decided X months ago, and there's nothing new here, and therefore I'm going to reject it. Isn't that exactly what the judge said? No, these were new issues that were brought. That's not the way the judge saw it, though. Didn't she say that you're making the same argument about additional comparators that I heard before? Now, that could have been right or that could have been wrong. But, you know, the problem is you bought a pig and a poke, it seems to me. You agreed to be bound not only by the rulings that had taken place so far, but also to conduct discovery in federal court under this judge, and you didn't know what the rulings were going to turn out to be in advance. It may have been not a very good deal for you, but you took it. My interpretation of the judge's order was just a simply timeless objection. It was you didn't bring this to my attention, you know, soon enough, despite extending the discovery, and refused really to address the substantive arguments at all. So I think that's what rises to the abuse of discretion, is that the judge imposed conditions that we, in good faith, reluctantly, albeit, agree to, and ultimately the judge didn't abide by her own conditions, refused to, you know, substantively rule on this discovery in a discrimination lawsuit, which hinges on the totality of the evidence and a proper statistical analysis. We'll hear from your adversary. Good morning. May it please the Court. My name is Alice Kokodes, and I'm here on behalf of the appellees in this matter. I won't take too much of your time, and I will remain abreast for any questions you may have. But this is clearly a case where the party is here to seek the Court's intervention to relitigate a case and take a second bite of that proverbial apple. The Court here has no appellate jurisdiction because on February 20, 2017, the appellee moved to voluntarily dismiss his claims with prejudice, the federal claims, and without prejudice to refile his State court claims. There is no finality, and under those circumstances, the appellate court has no jurisdiction to hear the arguments. You make the argument about finality and in your papers, and just now put a lot on the dismissal without prejudice of the State claims. But even if the dismissal, the voluntary dismissal, had been to all claims with prejudice, your position then would be that there is appellate jurisdiction to review these claims? I'm saying there's no appellate jurisdiction because there's an opportunity the case has not been resolved. It's not final judgment. There is an opportunity for him to relitigate the case and the issues that have been dismissed without prejudice in State court. Right. But my question is, assume the hypothetical that counsel, for whatever reason, agreed to voluntarily dismiss all of the claims with prejudice. In that case, would you agree or no that there would be appellate jurisdiction to review the discovery-related orders and the like? I would say there would still be no appellate jurisdiction because there hasn't been a ruling on the merits of the case. He sought. He got what he sought for. That's what he moved for. So once the appellee asked to redismiss all the claims, then that's the what the court granted to him. It's not finality so much as there's no non-adverse decision. Correct. There's no adverse decision. It's what they wanted was what they got. So now to then say, well, maybe I didn't quite want it. Let's see if we can revisit that issue because perhaps the discovery that I attained during the extensive 17 months of litigation was not enough for me, so I'd like to have reconsideration of that. Has the case been refiled in State court as to the State claims? It has been incorrectly filed in State court. There's been no litigation. It hasn't been served. There's just been a complaint that has been filed now probably over a year ago. Can I ask if so the consent happened at the beginning of the discovery process or at some point before the discovery process ended, and then there were the district court's rulings toward the close of discovery that it was too late and a relitigation. If the appellant had moved then to withdraw the motion for voluntary dismissal, would you have opposed that? No, I would not have. If he wanted to remain before the district court judge and to continue the litigation based on the rulings that have been already issued, based on the discovery that had already been completed, I would have had no problem to allow that to go to trial before the district court judge. The problem here was he was dissatisfied with the orders that the district court judge rendered. This was a classic example of forum shopping. He was unhappy with the district court judge and felt that a State court judge will provide him with a better opportunity to get a more favorable rulings. And that would have required, if you'd gone to State court, you would have had to relitigate the issues that had already been discussed. Correct, Your Honor. And we're talking about extensive discovery. While counsel may think he wasn't provided enough information on comparators, every time we produced comparative information, there was another motion to compel additional comparative information. The circle of discovery, the scope of discovery, was never restricted. It kept expanding. And the district court judge was correct in keeping reins on discovery that is proper and reasonable in the issues raised. Thank you. Just briefly on the finality issue. Here we had the district court that issued this final decision dismiss the complaint and close the case, albeit we have existing State and city human rights law claims that were dismissed without prejudice. But the rationale for the finality rule is obviously to avoid piecemeal litigation and to preserve resources. Here that rationale is not present because we have a dismissal without prejudice of claims in a different forum. The federal court, Mr. Negron, no longer has federal claims. Of course, the rationale with frowning upon dismissal without prejudice is the specter of these claims being revived back into federal court, which obviously falls foul of the other. Yes, yes, yes. But if the district judge had granted a motion to dismiss the federal claim and then said I'm not going to take pendent jurisdiction of the State claims and they are dismissed without prejudice, that would be a final order and you would be entitled to appeal that. But that's not what happened here. What happened here was you sought withdrawal of the federal claim. It wasn't dismissed because the judge found it lacking in merit. It was dismissed because you chose to drop it, which is fine. That's your right subject to appropriate conditions set by the district court. The district court then set conditions. You could object to that. You could withdraw your motion to withdraw the federal claim and then argue later that the judge had set inappropriate conditions. But you didn't do that either. You accepted the conditions and agreed to the dismissal. So I'm having a hard time seeing how you were aggrieved by the judgment that you asked for, that you agreed to, that you accepted. Plaintiff lacked, at the time of accepting these conditions, believed that the district judge would provide discovery and wouldn't cut the plaintiff off of their knees, and that's exactly what happened. We have limited, I beg to differ with counsel's representations about the discovery issue, very limited discovery. I believe that for the circumstances of this case, particular circumstances of this case, a more flexible, pragmatic approach should be adopted regarding the finality issue, given that this is the only venue for a plaintiff to seek relief against the decision. A state court cannot, you know, there's no relief possible in the state court. He has no federal claims. This is the federal court's divestitive jurisdiction. That's the end of it in terms of the federal part, and I believe that that is strictly in accordance with the finality rule. Thank you both for your arguments. Thank you. We'll take the matter under advisement.